UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20410-CR-LENARD/TURNOFF

**UNITED STATES OF AMERICA**,

   Plaintiff,

vs.

**ANTWAN ROSHAX GRAY**,

   Defendant.
_____/

<u>**ORDER DENYING DEFENDANT ANTWAN ROSHAX GRAY'S
SECOND MOTION SEVER (D.E. 569)**</u>

**THIS CAUSE** is before the Court on Defendant Antwan Roshax Gray's Second Motion to Sever (D.E. 569), filed on January 5, 2011. The Government filed its Response in Opposition (D.E. 575) on January 10, 2011. Upon review of the Motion, Response and the record, the Court finds as follows.

**I. Background**

Defendant Antwan Roshax Gray is one of fifteen defendants being prosecuted on charges arising from an alleged narcotics distribution ring based out of Miami Gardens. The Superseding Indictment (D.E. 458) charges Gray with conspiracy to possess with intent to sell crack, cocaine, marijuana and MDMA (Count 1), possession with intent to sell marijuana (Count 4), possession of a firearm in furtherance of a drug trafficking crime (Counts 8 and 9), possession of a firearm and ammunition by a convicted felon (Count 11), possession with intent to use false identification documents (Count 14) and aggravated possession of false identification documents (Counts 35-46).

Gray now moves this Court to sever certain charges and defendants pursuant to Federal Rules of Criminal Procedure 8 and 14. (Mot. at 2.) The first half of his Motion requests this Court to sever the drug trafficking and related charges (Counts 1, 4, 8 and 9) from the identity theft charges (Counts 11, 14, 35-46). Gray argues that these charges are misjoined under Rule 8(b) as they do not arise from the same act, transaction or the same series of acts or transactions. (*Id*. at 2-3.) Moreover, the "bare bones" recitation of the charges in the Superseding Indictment does not offer any indication as to how the seemingly distinct groups of charges might be related. (*Id*. at 4.)

Gray also moves for severance of his trial from that of his co-defendants. (*Id*. at 5-6.) He claims that a lengthy trial with voluminous evidence against multiple defendants may severely prejudice him in the form of "a spillover effect," antagonistic defenses from his co-defendants and attempts to pin the entirety of the blame on Gray. (*Id*.)

The Government, in its Response,[1] opposes severance. It points out that the Court may look to evidence proffered outside the four corners of the Superseding Indictment to make a connection between the charges. (Resp. at 3.) Such evidence shows that Gray's participation in the possession and transfer of false identification was for the purpose of funding the drug trafficking conspiracy, thereby tying all charges to a common transaction or plan. (*Id*. at 3 (citing arguments made in prior Response).) Finally, the Government argues that Gray's generalized claims of prejudice fall short of the standard

---

[1] The Government incorporates all arguments made in its prior Response (D.E. 381) to Gray's initial Motion to Sever.

for establishing compelling prejudice such that severance pursuant to Rule 14 would be warranted. (*Id*. at 3-4.)

## II.   Discussion

### A.   Gray's Motion to Sever Charges

The Court must undertake a two-step inquiry to determine whether separate charges may be properly tried at the same time. First, the government bears the burden to show that joinder of the offenses is proper under Federal Rule of Criminal Procedure 8(b). *United States v. Gabay*, 923 F.2d 1536, 1539 (11th Cir. 1991). If it is, the Court then must consider wether it should exercise its discretion to sever offenses in order to avoid prejudice to a defendant or the government. *Id. (*citing *United States v. Montes-Cardenas*, 746 F.2d 771, 776 (11th Cir. 1984)).

Federal Rule of Criminal Procedure 8(a) governs the joinder of offenses, providing:

> The indictment of information may charge a defendant in separate counts with 2 or more offenses if the offenses charged -- whether felonies or misdemeanors or both -- are of the same or similar character, or are based on the same act or transaction, or are connected or constitute parts of a common scheme or plan.

Fed.R.Crim.P. 8(a). Courts broadly construe this Rule in favor of joinder. *United States v. Dominguez*, 226 F.3d 1235, 1238 (11th Cir. 2000). Joinder of offenses is proper when "the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense." *United States v. Weaver*, 905 F.2d 1466, 1477 (11th Cir. 1990).

3

"[W]hen the defendant attacks joinder as improper based on the indictment but later evidence shows that joinder is proper, [courts] look beyond the face of the indictment." *Dominguez*, 226 F.3d at 1241. Rule 8 requires the government to allege, not prove, facts necessary to sustain joinder. *Id.* (failure to prove these facts at trial does not mean joinder was improper if the government's allegations were made in good faith).

Here, the Government's position is clear: Gray and his co-defendants possessed and used false identification documents to fund the drug trafficking enterprise. In its Omnibus Order addressing Defendant Jonathan Morley's Motion to Sever (D.E. 772), the Court found that the drug trafficking conspiracy and identity theft charges arose out of a common scheme or plan pursuant to the Eleventh Circuit's guidance in *Dominguez* and its progeny. Gray's argument is no different; therefore the Court has no basis to rule otherwise. The charges against Gray are properly joined under Rule 8(a).

The Court next considers whether substantial prejudice would result from a joint trial on the drug trafficking conspiracy and identity theft charges. Federal Rule of Criminal Procedure 14(a) allows the court to "order separate trials of counts . . . or provide any other relief that justice requires" in the event that a joinder of offenses in an indictment or for trial "appears to prejudice a defendant or the government." Fed.R.Civ.P. 14(a). Any such relief is within the discretion of the district court. *United States v. Benz*, 740 F.2d 903, 911 (11th Cir. 1984). The defendant bears the heavy burden to demonstrate the existence of compelling prejudice which would result in an unfair trial. *United States v. Kennard*, 472 F.3d 851, 858-59 (11th Cir. 2006).

4

Here, Gray does not attempt to argue, much less show, prejudice. Consequently, the Court finds that Gray has not discharged his burden to show why this Court should exercise its discretion under Rule 14 to sever the charges in his Superseding Indictment. *See Kennard*, 472 F.3d at 858-59.

Finally, after balancing the risk of unfair prejudice to Gray against the interests of judicial economy, the Court concludes that the Gray's motion to sever trial on the charges against him should be denied.  *See United States v. Baker*, 432 F.3d 1189, 1236 (11th Cir. 2005) (the district court is required to balance the right of the defendant to a fair trial against the public's interest in efficiency and judicial economy); *Benz*, 740 F.2d at 911.

**B.      Gray's Motion to Sever Defendants**

Defendants charged with participating in the same offenses are ordinarily tried together, even if the evidence is stronger against some than against others.  *See United States v. Francis*, 131 F.3d 1452, 1459 (11th Cir. 1997); *United States v. Velasquez*, 772 F.2d 1348, 1352 (7th Cir. 1985) (noting that the danger of prejudice to the least guilty or the prejudice from confusion in a multi-defendant trial is almost always outweighed by the economies of a single trial).

The Court may consider severance of defendants under Rule 14 where there is a disparity in proof presented as to one defendant over others or prejudicial spillover from defendant to the other.  *See United States v. Blankenship*, 382 F.3d 1110, 1123-24 (11th Cir. 2004).  The defendant bears the heavy burden to show that a jury will be unable, due to the massive amount and complex nature of the evidence, to make an individualized

5

guilt determination for each defendant.  *Francis*, 131 F.3d at 1459 (citing *United States v. Saget*, 991 F.2d 702, 707 (11th Cir. 1993)).  Conclusory allegations cannot carry such a burden.  *Id*. at 145 (citing *United States v. Hogan*, 986 F.2d 1364, 1375 (11th Cir. 1993).  Moreover, the presumption exists that cautionary instructions to the jury will guard adequately against any prejudice arising from the joint trial.  *United States v. Gonzalez*, 940 F.2d 1413, 1428 (11th Cir. 1991); *Francis*, 131 F.3d at 1459 (affirming district court's denial of motion to sever).

Gray's "spillover" argument consists of the potential prejudice from a lengthy trial and the fear that "the jury may be unable to give each defendant the required individual guilt determination."  (Mot. at 5 (citing Francis, 131 F.3d at 1459).)  However, Gray's allegations consist of exactly that which *Francis* cautions is not sufficient: conclusory allegations and hypothetical concerns.  131 F.3d at 145 (citation omitted).  For this reason, Gray's motion to sever on account of prejudicial spillover is not persuasive.

Finally, "the mere existence of antagonistic defenses is not inherently perjudicial."  *Blankenship*, 382 F.3d at 1125.  Prejudice does not occur when one co-defendant's defense directly inculpates another, or the jury cannot logically believe both co-defendants' defenses because they are mutually exclusive.  *Id.*  Therefore, Gray's motion to sever defendants fails on this claim as well.

Consistent with the foregoing, it is **ORDERED AND ADJUDGED** Defendant Antwan Roshax Gray's Second Motion to Sever (D.E. 569), filed on January 5, 2011, is **DENIED**.

6

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of August, 2011.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**