UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20410-CR-LENARD/TURNOFF

**UNITED STATES OF AMERICA**,

        Plaintiff,

vs.

**JONATHAN MORLEY, ANTWAN ROSHAX GRAY, et al.**,

        Defendants.

_____/

**OMNIBUS ORDER DENYING IN PART AND RESERVING RULING IN PART ON DEFENDANT JONATHAN MORLEY'S MOTION *IN LIMINE* TO EXCLUDE 404(b) EVIDENCE (D.E. 259) AND DENYING IN PART AND RESERVING RULING IN PART ON DEFENDANT ANTWAN ROSHAX GRAY'S MOTION *IN LIMINE* TO EXCLUDE 404(b) EVIDENCE (D.E. 271)**

**THIS CAUSE** is before the Court on Defendant Jonathan Morley's Motion *in Limine* to Exclude 404(b) Evidence (D.E. 259), filed on August 6, 2010, and Defendant Antwan Roshax Gray's Motion *in Limine* to Exclude 404(b) Evidence (D.E. 271), filed on August 17, 2010. The Government filed an Omnibus Response (D.E. 374) to these motions on August 23, 2010. Upon review of the Motions, the Omnibus Response and the record, the Court finds as follows.

**I.**    **Defendants' Motions *in Limine* to Exclude 404(b) Evidence**

Morley and Gray both move to exclude evidence of their prior narcotics convictions in state court as noticed by the Government in its Notices of Intent to Use Evidence (D.E. 221; 230). Morley (four convictions) and Gray (three convictions) contend that this evidence is impermissible under Federal Rules of Evidence 403 and

404(b) as it is overly prejudicial and evidence of substantive drug offenses is irrelevant to proving the elements of the charged conspiracy in this case. Gray also raises the argument that his earliest conviction, from 2003, is too remote in time to be anything more than prejudicial.

The Government opposes these motions, arguing that the prior convictions of substantive drug offenses are properly admitted where defendants plead not guilty to conspiracy charges, thereby putting their intent at issue.

## II.     Discussion

In this Circuit, a three-part test governs the admissibility of extrinsic, other crimes evidence:  (1) the evidence must be relevant to an issue other than the defendant's character; (2) the act must be established by sufficient proof for the jury to find that defendant committed the extrinsic act; and (3) the probative value must not be substantially outweighed by its undue prejudice. *United States v. Matthews*, 431 F.3d 1296, 1310-11 (11th Cir. 2005).  In balancing the prejudice versus probative value of the other crimes, courts consider "differences between the charged and extrinsic offenses, their temporal remoteness, and the government's need for the evidence to prove intent." *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1229 (11th Cir. 1993).

Contrary to Defendants' arguments, extrinsic evidence of prior crimes that is probative of their state of mind regarding intent "is admissible unless the defendant[s] affirmatively take[] the issue of intent out of the case." *Matthews*, 431 F.3d at 1311 (quotation omitted). Concerning the first prong of the test, "a not guilty plea renders the

defendant's intent a material issue" in every conspiracy case. *Id.* This Circuit has previously held that convictions for non-conspiracy drug offenses are admissible under rule 404(b) for the purposes of demonstrating intent to conspire to possess with intent to sell narcotics. *See United States v. Sawyer*, 361 Fed. Appx. 96, 99 (11th Cir. 2010), *citing United States v. Butler*, 102 F.3d 1191, 1196 (11th Cir. 1997) (upholding admission of a prior conviction for possession of cocaine for purposes of demonstrating defendant's intent in the charged conspiracy for possession with intent to distribute).

Both Gray and Morley have placed their intent at issue by pleading not guilty. *See Matthews*, 431 F.3d at 1311. Thus, their prior convictions involving some of the same narcotics (marijuana and cocaine) with which they are now charged with conspiring to possess with intent to distribute are relevant to the element of their intent.

Neither Defendant contests the second prong of the test – sufficient proof for the jury to find that they committed the extrinsic acts – and the Government indicates that it will introduce charging documents in those cases and witness testimony, if necessary. "[A] conviction is sufficient proof that the defendant committed the prior act." *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997). The Court therefore finds that this prong of the test is satisfied.

Finally, the Court considers the probative value of Gray and Morley's prior convictions versus the danger of unfair prejudice to them. *See Butler*, 102 F.3d at 1195. The prior offenses are similar to the instant conspiracy charge in that they involved the same narcotics as well as possession with intent to sell. The Government also claims to

3

need this evidence to prove its case, especially with regard to the issue of intent. *See Diaz-Lizaraza*, 981 F.2d at 1229.

As part of the 403 analysis, the Court must also consider the temporal remoteness of the prior crimes (Gray's convictions span from 2003 through 2007; Morley's range from 2004 through 2006) from the instant charges; noting that a greater interval depreciates the probity of the extrinsic evidence. *See United States v. Mitchell*, 666 F.2d 1385, 1390 (11th Cir. 1982); *United States v. Beechum*, 582 F.2d 898, 915 (5th Cir. 1978). The Eleventh Circuit has generally found that 404(b) evidence is admissible where the offenses are three years apart. *See United States v. Hernandez*, 896 F.2d 513, 522 (11th Cir. 1990); *United States v. Hitsman*, 604 F.2d 443, 448 (5th Cir. 1979); *United States v. Pollock*, 926 F.2d 1044, 1049 (11th Cir. 1991). However, a "six-year old conviction might carry far less probative weight due to its temporal remoteness." *Hernandez*, 896 F.2d at 522-23.

Here, Gray and Morley's charged crimes began in May 2009. Thus, the Court finds that under Rule 403, their convictions for narcotics offenses that are within approximately four years of that period are admissible as more probative than prejudicial. *See Beechum*, 582 F.2d at 915. These admissible prior convictions include Gray's state case nos. F05-005009A and F06-041922 and Morley's state case nos. F05-005009B, F05-009262A and F06-13999. (*See* Gov't's Notices of Intent, D.E. 221; 230.) The Court shall reserve ruling on the remainder of the prior offenses until trial, at which time it will revisit the issue in light of the strength of the Government's case and the need of the

4

Government to present this evidence as proof of Gray and Morley's intent to conspire to possess narcotics with intent to sell.

### III. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Jonathan Morley's Motion *in Limine* to Exclude 404(b) Evidence (D.E. 259), filed on August 6, 2010 is **DENIED in part**, and Defendant Antwan Roshax Gray's Motion *in Limine* to Exclude 404(b) Evidence (D.E. 271), filed on August 17, 2010, is **DENIED in part**. The Court **RESERVES RULING** on the remainder of these Motions as discussed in this Order.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 22nd Day of September, 2011.

_____
**HONORABLE JOAN A. LENARD**
**UNITED STATES DISTRICT COURT**